Judge Nicholas
delivered the Opinion of the Court.
The plaintiffs being entitled to a monied legacy in the hands of an executor residing at New Orleans, it was paid over by him to an agent appointed by them to receive it.
Ón the return of the agent to this state, the defendants filed a bill against him and the executor, setting up a demand against the testator of the executor, alleging the money in the hands of the agent to be the property of the executor, as such ; claiming to have their demand satisfied out of it; praying for, and obtaining an injunction and restraining order against the agent, from “ paying over or putting out of his hands” so much of the money as would be sufficient to pay them, until their case could be heard.
The plaintiffs were no parties to this proceeding, but Caused themselves to be brought before the court; and, at their instance, the injunction was dissolved, and the bill dismissed. They then 'brought this suit; charging, in addition to the foregoing facts, that, pending the in junction, the agent becaine insolvent, and removed from this state, whereby they were unable to collect from him the sum enjoined by the defendants. '
If the proceeding in chancery be considered as a mere garnisheeing of an alleged debt due from the agent to the executor, the plaintiffs have no cause of action ; for, as the agent was not indebted to the executor, no payment over to the plaintiffs, of the money belonging to them, would have violated the injunction, nor could its pen *242 dency have been plead in bar or abatement of a suit hr them against him.
But assuming, that the proceeding was, as contended, against the specific money, in his hands, as bailee for plaintiffs, its pendency, could not have been plead in abatement of their action against him, if they had brought one ; and though the chancellor might, at his instance, have enjoined them from proceeding and compelled them to interplead with the defendants, yet, this would only have been done upon his giving the plaintiffs an indemnity against the effects of the delay.
.So that, in either aspect of the case, the plaintiffs were not obstructed by the defendants from the pursuit of their remedy against the agent, and of course they can have no cause of action against the defendants.
Judgment affirmed, with costs.